```
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA        :      CRIMINAL NO. 3:02CR191(CFD)
                                :
         v.                     :
                                :
RICARDO ROBLES                  :      Date: May 18, 2005
```

**UNITED STATES' MEMORANDUM RE: DEFENDANT'S SENTENCE**

The defendant has written to the Court to protest the Bureau of Prisons' (BOP) decision to not credit him for time spent in pre-trial detention.  Pursuant to the Court's Order of May 3, 2005, the United States files the instant response and respectfully submits that the BOP -- and not the Court or the United States Attorney's Office -- has plenary authority to determine whether the defendant should be credited for time served in pre-trial custody.  In addition, to the extent the defendant disagrees with the BOP's computation of his sentence, his resort to this Court is premature because he must first proceed administratively and, thereafter, file a habeas petition pursuant to 28 U.S.C. § 2255.

**I.  Procedural History**

The defendant pleaded guilty to a one count information on February 25, 2004, admitting that he conspired to possess with intent to distribute, and to distribute, 500 grams or more of cocaine, in violation of 21 U.S.C. § 846.  The defendant further stipulated that his relevant conduct was between 500 grams and two kilograms of cocaine, which translated to an offense level

-2-

26. At the time of sentencing[1], the Government recommended that the court deduct three levels for acceptance of responsibility, see U.S.S.G. § 3E1.1, and subtract two levels pursuant to U.S.S.G. §§ 2D1.1(b)(6) and 5C1.2 because the defendant qualified for the "safety valve."  Accordingly, the defendant's adjusted offense level was 21, with a sentencing range of 37 to 46 months imprisonment.  The Government recommended that the court impose a sentence within this range.

On May 20, 2004, the Court sentenced the defendant to the bottom of the range -- 37 months imprisonment -- and recommended to the BOP that Mr. Robles receive credit for the time he had served in custody since his bond had been revoked on or about March 13, 2003, when it was discovered that he had been arrested and incarcerated on a separate state court drug crime.  The United States did not object to the recommendation.

Following his federal sentencing, the defendant was sentenced for the unrelated narcotics case in state court the next day, May 21, 2004.  The sentencing judge imposed a sentence of 30 months, to run concurrent to the instant federal sentence.  According to the BOP, the defendant's state sentence of 30 months

---

[1] The Government has not obtained a transcript of the plea and sentencing hearings; instead, this memorandum is based on the pleadings filed with the Court and counsel's notes from the proceedings.  In addition, the undersigned counsel has spoken to a representative from the BOP, Mr. Hank Sadowski, Regional Counsel, Northeast Regional Office, to obtain additional background information.

-3-

was satisfied on or about November 20, 2004 because the state credited the defendant for the time spent in pre-trial custody.

Because the defendant was given credit by the state for the pre-trial period of incarceration, the BOP did not "double count" that time and instead began to run his federal sentence until November 20, 2004.

**II.   Computation of Federal Sentences**

In any computation of a federal sentence, two separate decisions must be made: (1) when the federal sentence commences and (2) to what extent the defendant can receive credit for time spent in custody prior to commencement of sentence. Chambers v. Holland, 920 F.Supp. 618, 621 (M.D.Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996); United States v. Smith, 812 F.Supp. 368, 370 (E.D.N.Y. 1993).

The United States Supreme Court addressed these two issues in United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992), and held that although 18 U.S.C. § 3585 does not state expressly that the Attorney General is responsible for sentence computation, Congress did not intend to change this well settled authority. Id. at 333. The Wilson Court confirmed that the authority of the Attorney General to compute sentences has been delegated to the Federal Bureau of Prisons by 28 C.F.R. § 0.96 (1996). See United States v. Pineyro, 112 F.3d 43 (2d Cir. 1997). Stated differently, the BOP -- and not the district court

-4-

at sentencing -- determines whether a defendant is entitled to credit for time served.  <u>Wilson</u>, 503 U.S. at 333 ("A district court, therefore, cannot apply § 3585(b) at sentencing.").

In addition, <u>Wilson</u> explained that "[f]ederal defendants do not always begin to serve their sentences immediately."  <u>Id</u>. at 334.  Rather, under section 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  The underlying principle of § 3585(a) is that a federal sentence commences when the defendant is received by the Attorney General of the United States for service of his federal sentence.  <u>Pinaud v. James</u>, 851 F.2d 27 (2d Cir. 1988); <u>Salley v. United States</u>, 786 F.2d 546 (2d Cir. 1986); <u>Chambers v. Holland</u>, 920 F.Supp. at 621.  When a federal sentence is imposed on a defendant who is already in state custody, which was the case in the matter at bar, the federal sentence may commence when the Attorney General agrees to designate the state facility for service of the federal sentence.  <u>See</u> <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir. 1990); <u>United States v. Pungitore</u>, 910 F.2d 1084, 1118-1119 (3d Cir. 1990).  Otherwise, the earliest date a federal sentence can commence is the date it is imposed.

-5-

The Supreme Court has also explained that under § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." United States v. Wilson, 112 S.Ct. at 1356. Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit towards another sentence. Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2001); United States v. Smith, supra. There are some limited exceptions, see Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993), but the general rule is that no credit is afforded towards a federal sentence if credit has been given for the same period of custody towards a state sentence. In the case at bar, the BOP has determined that Mr. Robles received credit for the time served against his state sentence.

**III.  Defendant's Remedies**

Thus, against this backdrop, this Court cannot "re-sentence" the defendant or otherwise act upon his request for a modified sentence. Instead, the defendant must exhaust his administrative remedy within the BOP. See e.g. Wilson, 503 U.S. at 335 ("Federal regulations have afforded prisoners administrative review of the computation of their credits, see 28 CFR §§ 542.10-542.16 (1990); United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990), and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies, see United States v. Bayless, 940 F.2d

-6-

300, 304-305 (8th Cir. 1991); United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989); United States v. Martinez, 837 F.2d 861, 865-866 (9th Cir. 1988)).

The defendant may still be able to advance one, additional argument to the BOP. Under McCarthy v. Doe, 146 F. 118 (2d Cir. 1998), the Second Circuit has recognized that in certain circumstances[2] the BOP has the statutory authority to consider a prisoner's request for a nunc pro tunc designation of the state prison in which he was incarcerated as a place of confinement for service of his federal sentence. It appears that the defendant may be able to advance this argument administratively and thereby receive "credit" for prior incarceration. See also Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72 (2d Cir. 2005)(same, but cautioning that BOP retains exclusive authority to address such a request).

**IV. Conclusion**

The United States objects to the defendant's instant request for relief in this Court because he has not exhausted his administrative remedies and, once he does, a habeas petition becomes the appropriate remedy. This Court, pursuant to Wilson,

---

[2] The defendant in McCarthy, like the defendant in the case at bar, was held in state custody facing state criminal charges and, while those charges were pending, was sentenced on his federal case. Shortly thereafter, the defendant pleaded guilty in state court and received a concurrent sentence. The defendant remained in state custody during this period. McCarthy, 146 F.3d at 119-120.

-7-

cannot grant the relief requested.  The Government does commend to the defendant and his counsel the McCarthy decision.

                Respectfully submitted,

                KEVIN J. O'CONNOR

                UNITED STATES ATTORNEY

                MICHAEL J. GUSTAFSON
                ASSISTANT UNITED STATES ATTORNEY
                157 Church Street
                New Haven, CT 06510
                Telephone No. (203) 821-3700
                Federal Bar No. CT01503

**CERTIFICATION OF SERVICE**

This is to certify that the within and foregoing has been faxed and mailed this ____ day of May, 2005, to:

| | |
|---|---|
| David V. Esposito<br>1240 Whitney Avenue<br>New Haven, CT 06517 | Jacqueline Carroll<br>US Probation Officer<br>157 Church Street, 22nd Floor<br>New Haven, CT 06510 |

Ricardo Robles
#14753-014

MDC BROOKLYN
METROPOLITAN DETENTION CENTER
80 29TH STREET
BROOKLYN, NY 11232

                MICHAEL J. GUSTAFSON
                ASSISTANT UNITED STATES ATTORNEY