UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____
                                            )
UNITED STATES OF AMERICA                    )
                                            )   CRIMINAL NO.
v.                                          )   3:02CR191 (CFD)
                                            )
RICARDO ROBLES                              )   July 19, 2005
_____ )

**<u>DEFENSE COUNSEL'S RESPONSE TO DEFENDANT'S LETTER TO THE
COURT, AS ORDERED BY THE COURT ON MAY 3, 2005:
BRIEF IN SUPPORT OF LETTER SEEKING CLARIFICATION OF SENTENCE</u>**

Defense counsel files this brief in support of Defendant Ricardo Robles' Letter to the Court asking that the Court "amend [its] sentence to say concurrent." Letter at 3. In so writing, Defendant sought clarification from the Court as to the Court's intention that Defendant serve his sentence concurrently with any possible sentence Defendant received in ongoing state proceedings. After a review of the record from the sentencing hearing, although the Court did not specifically address this issue, the record from the sentencing hearing indicates that the Court likely intended that Defendant serve his federal sentence concurrent with any subsequently ordered state sentence. Accordingly, Defendant seeks that clarification so that he may receive credit from the Bureau of Prisons ("BOP") and adjust the dates of his release and eligibility for changes in his incarceration. *See* Fed. R. Cr. P. 36 ("After giving notice it considers appropriate, the court may at any time correct a clerical error in a judgment ... arising from oversight or omission").

## RELEVANT FACTUAL BACKGROUND

On May 20, 2004, the Court held the sentencing hearing in this case. The Court and the parties gave significant attention to the issue of whether Defendant would receive credit for his incarceration from March 13, 2003, until the date of sentencing. See generally Transcript of Sentencing, dated May 20, 2004 ("Tr."), at 12-20. On this point, the Government made the following representations.

> [I]t's the government's understanding that he would receive credit, if the court recommended to the Bureau of Prisons that he receive credit for time served since he's been in federal custody since his bond was revoked on March 13, '03. . . . I think what happens here is if the court recommends that he receive credit for time served, he has been in federal custody since March 13 of the last year.

Tr. at 12-13.

The Probation Officer asserted a contrary position, seemingly relaying that Defendant was in state custody at the time and that he would not receive credit from the BOP for his time in state custody if the state court credited him for that time: "He'll only get credit once, if that even matters for the court, but that will all be figured out by the Bureau of Prisons and it won't be able to be figured out until the state matter is resolved." Tr. at 16.

The Government stood by its position that Defendant should receive credit on his federal sentence for time served in state custody.

> It's certainly the government's intention . . . that Mr. Robles has been incarcerated since March 13 of '03, receive credit for that time on the sentence. It was my expectation . . . that he was going to receive credit here in this court for serving pretrial detention. It's still the government's recommendation to the court that when you impose sentence today that you make that recommendation.

Tr. at 16-17.

2

Referring to Magistrate Judge Smith's March 13, 2003 order granting the Government's motion for revocation of bond, the Court stated "it would be my recommendation that he receive credit toward his federal sentence for that time served after that date." Tr. at 13. The Court cautioned that it "had no control over what the Superior Court judge would sentence you to if you're found guilty of those state charges." Tr. at 15.

> . . . I will recommend that he get credit on his federal sentence for the time he's served so far. However, that's not a guarantee that the Bureau of Prisons will give him that credit. . . . I just don't want to have there be a misunderstanding that he's definitely getting credit on his federal sentence after the sentence is imposed today for the time he served before today.

Tr. at 19-20. Throughout the discussion, Defendant maintained his request that he receive credit for his time served to date.

At the close of the hearing, the Court sentenced Defendant to 37 months, recommending to the BOP that he receive credit on his for time served and that he be designated to a facility close to New Haven, Connecticut. 38, 40-41; see also Judgment, dated May 20, 2004 ("The defendant is hereby committed to the custody of the United States Attorney General . . ." (emphasis added)).

On May 21, 2004, the state court sentenced Defendant to 30 months, to run concurrent with his federal sentence. According to the BOP, Defendant received credit against his state sentence for the time served prior to his federal sentence and finished serving his state sentence on November 20, 2004. *See* United States' Mem. Re: Def.'s Sentence, dated May 18, 2005, at 2-3. The BOP began running Defendant's federal sentence as of that date, and not March 13, 2003, or even May 20, 2004. *See id*. at 3.

3

## ARGUMENT

### THE COURT SHOULD CLARIFY THE JUDGMENT TO INDICATE THAT ITS SENTENCE WAS TO BE CONCURRENT WITH ANY STATE SENTENCE THAT DEFENDANT SUBSEQUENTLY RECEIVED

Under the federal statute governing the BOP's accounting for imposition of multiple sentences on a defendant, 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."[1] In *McCarthy v. Doe*, 146 F.3d 118, 121-22 (2d Cir. 1998), the Court of Appeals for the Second Circuit rejected the BOP's assertion that this statute created a presumption that where a district court is silent as to whether sentences should run concurrently with any subsequently ordered sentences, the sentences should be treated as consecutively. Here, too, the presumption favoring consecutive sentences should not apply, because it is unsupported by law or fact.

In *McCarthy*, the defendant was in the custody of the State of Connecticut on state criminal charges while also having been indicted on federal firearms charges. *See* 146 F.3d at 120. In January 1994, the District Court sentenced the defendant to 235 months, but the Court did not indicate whether the federal sentence was consecutive or concurrent with any subsequently-ordered state sentence. *See id.* At sentencing, counsel

---

[1] 18 U.S.C. § 3584(a) states in full:
> **(a) Imposition of concurrent or consecutive terms.**--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

4

informed the Court that the state sentence likely would run concurrent with the federal sentence. *See id.* In April 1994, the state court sentenced the defendant to a seven-year term, concurrent to his federal term. *See id.* at 119-21. The defendant remained in state custody. *See McCarthy*, 146 F.3d at 120.

When the petitioner later requested that the BOP designate, nunc pro tunc, the state facility as a federal prison, the BOP responded that his sentence would run consecutively because the District Court had not stated otherwise. *See id.* The Court of Appeals rejected the BOP's position because, in part, "defendant was neither subjected to multiple terms of imprisonment at the same time nor was he already subject to his state sentence when his federal sentence was imposed." *See id.* at 121-22. The Court reasoned that the BOP's analysis potentially made sense if the federal sentencing court knew about a sentence that had been previously imposed and remained silent, but that reasoning did not apply where a defendant had yet to be sentenced in state proceedings. *See id.* at 122. The Court of Appeals then concluded that in those situations, the BOP had the authority to designate a place of imprisonment nunc pro tunc pursuant to 18 U.S.C. § 3621(b). *See McCarthy*, 146 F.3d at 123.[2]

---

[2] Designation of a place of imprisonment is controlled, in the first instance, by statute:
> **(b) Place of imprisonment.**--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
>> **(1)** the resources of the facility contemplated;
>> **(2)** the nature and circumstances of the offense;
>> **(3)** the history and characteristics of the prisoner;
>> **(4)** any statement by the court that imposed the sentence--
>>> **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

Here, Defendant presents remarkably similar facts. At the time of sentencing before this Court, Defendant was in a state prison, not having yet been sentenced in state court. Thereafter, the state court sentenced him to a period of incarceration to be served concurrently. Accordingly, the statutory presumption that multiple sentences should be served consecutively does not apply.

Indeed, in this case, the Court also gave indicators that it intended for Defendant's federal sentence to be served immediately, concurrent with any sentence that he would receive in the state prison. For example, by limiting its recommendation that Defendant receive credit for time prior to sentencing, the Court indicated that it ordering that Defendant receive credit for his incarceration going forward. *See* Tr. at 19-20. ("<u>I just don't want to have there be a misunderstanding that he's definitely getting credit on his federal sentence </u>after the sentence is imposed today <u>for the time he served before today</u>." (emphasis added)). The Court also ordered that the sentence commence immediately, and that it be served in an institution close to New Haven, even though there is no federal institution for men in Connecticut. *See* Judgment, dated May 20, 2004 ("The defendant is <u>hereby</u> committed to the custody of the United States Attorney General . . ." (emphasis added)).

---

        **(B)** recommending a type of penal or correctional facility as appropriate; and
    **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse.

In sum, Defendant should receive credit for his time in a state institution against his federal sentence. Even if the BOP is responsible for calculating Defendant's sentence, it should not be permitted, as it may have done so here, to treat Defendant's sentences as consecutive. To ensure that Defendant is able to exhaust his administrative remedies and properly present the record from sentencing to the BOP, the Court should clarify its prior judgment to indicate that the sentence ordered should be considered concurrent with any time period of incarceration subsequently imposed on Defendant by the state court.

## **CONCLUSION**

For the foregoing reasons, Defendant requests that the Court clarify its judgment, dated May 20, 2004, as to whether Defendant's sentence, including the credit recommended for prior time served, was to run concurrent with any subsequent, state-ordered sentence.

                                                                                                            _____

                                          Charles F. Willson (# ct24129)
                                          NEVINS & NEVINS LLP
                                          102 Connecticut Boulevard
                                          P. O. Box 280658
                                          East Hartford, CT 06128
                                          Tel:   (860) 289-4455
                                          fax:   860-289-8968
                                          email:  cwillson@nevinslaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid, on July 19, 2005, to

| | |
|---|---|
| Michael J. Gustafson | Ricardo Robles |
| Assistant U.S. Attorney | #14753-014 |
| U.S. Attorney's Office | MDC Brooklyn |
| 157 Church Street | Metropolitan Detention Center |
| 23rd Floor | 80 29th Street |
| New Haven, CT  06510 | Brooklyn, NY  11232 |

_____

Charles F. Willson